**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Dale MILLER, Defendant–
Appellant.**

No. 94–6014.

United States Court of Appeals,
Sixth Circuit.

Argued May 1, 1995.

Decided June 5, 1995.

David P. Grise, Asst. U.S. Atty. (argued and briefed), Lexington, KY, for plaintiff-appellee.

James E. Hibbard (argued and briefed), London, KY, for defendant-appellant.

Before: KENNEDY and SUHRHEINRICH, Circuit Judges; HILLMAN, District Judge.*

KENNEDY, Circuit Judge.

Defendant, having pled guilty to conspiracy to operate a chop shop in violation of 18 U.S.C. § 2322 and related vehicle crimes in violation of 18 U.S.C. § 371, appeals his sentence, asserting that the District Court erred in refusing to give him a two-level reduction for being a minor participant under U.S.S.G. § 3B1.2. Defendant also claims that the court erred in treating his conditional discharge following conviction in Kentucky as a "criminal justice sentence" under U.S.S.G. § 4A1.1(d), thereby increasing his offense level.

## I.

The conspiracy to which defendant pled guilty involved the stealing of trucks, removing their vehicle identification numbers, dismantling them, and then placing the stolen parts onto the frames of salvaged trucks. The salvaged trucks were then sold as if legitimately repaired. At sentencing, the defense agreed that the following statement was accurate concerning the coconspirators' roles in the scheme:

Mr. Miller was recruited to help dismantle vehicles by Mr. Hasty, and that after a vehicle was stolen and brought to the chop shop, Mr. Miller would be contacted and asked to come down and assist in dismantling the vehicle; that this happened on several ... occasions, usually late at night.... Mr. Miller ... was sort of brought in as needed as cars were brought back to the chop shop....

Each participant in the scheme had a discrete role to play in the organization. Mr. Stafford, for example, relayed instruc-

tions and money from the boss, Mr. Roberts, to the other members of the conspiracy. Mr. Hasty ran the garage and looked for likely trucks to steal. Mr. Radar stole the trucks and took them to the garage. Mr. Miller took them apart.

## II.

Defendant argues that he was entitled to a two-level reduction in his sentence for being a minor participant under U.S.S.G. § 3B1.2. We review for clear error. *United States v. DeFranco*, 30 F.3d 664, 669 (6th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 349, 130 L.Ed.2d 305 (1994). Defendant has the burden of proving mitigating factors justifying a reduction for being a minor participant by a preponderance of the evidence. *United States v. White*, 985 F.2d 271, 274 (6th Cir.1993). An adjustment is not appropriate in the absence of a finding that the defendant was "substantially less culpable than the average participant" in the criminal enterprise. *United States v. Smith*, 918 F.2d 664, 669 (6th Cir.1990), *cert. denied*, 498 U.S. 1125, 111 S.Ct. 1088, 112 L.Ed.2d 1192 (1991) (quoting U.S.S.G. § 3B1.2 background comment.)

Defendant first argues that he was a minor participant because his activity was limited to assistance and was not vital to the conspiracy. We disagree. Although defendant did not plan the chop shop operation, his role of taking the trucks apart was necessary to its success. A defendant does not become a minor participant simply because others planned a scheme and made all the arrangements for its accomplishment. *United States v. Burroughs*, 5 F.3d 192 (6th Cir. 1993). Here, defendant participated in the scheme on several occasions. Although defendant may be less culpable than some of his coconspirators, this does not require a finding that he was *substantially* less culpable than the others. *United States v. Perry*, 908 F.2d 56, 58 (6th Cir.), *cert. denied*, 498

* The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation.

U.S. 1002, 111 S.Ct. 565, 112 L.Ed.2d 571 (1990).

■ Defendant also contends that the District Court erred in taking into account his knowledge of the scope of the conspiracy in determining that defendant was not a minor participant. Defendant argues that, although he knew about the scope and operation of the conspiracy, this factor is only relevant for determining whether a defendant is a "minimal" participant, rather than a "minor" participant. We disagree.

Defendant correctly points out that the Guidelines' explicit reference to a defendant's knowledge of the scope of a criminal enterprise is directed toward determining whether an individual was a minimal participant. However, this does not mean that a defendant's understanding or knowledge is not relevant to whether the defendant was a minor participant. The court did not err in taking this into consideration. *See United States v. Warner,* 971 F.2d 1189 (6th Cir. 1992) (court declined to reduce sentence for minimal participation because defendant knew scope and structure of enterprise but did reduce sentence for minor participation).

## III.

■ The District Court increased defendant's offense level by two points under U.S.S.G. § 4A1.1(d) for being under a criminal justice sentence at the time he was involved in the conspiracy. Defendant was convicted of possession of marijuana in violation of Kentucky law on December 16, 1991, whereby he was given a sentence of thirty days imprisonment conditionally discharged for two years. This sentence was in effect at the time of the instant offense. Defendant argues that a conditionally discharged sentence is a not criminal justice sentence within the meaning of § 4A1.1(d) which provides:

Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status.

Defendant also contends that a custodial or supervisory component is needed for a sentence to qualify as a "criminal justice sentence" and that conditional discharge is unsupervised. Issues involving the interpretation of the Sentencing Guidelines are legal questions which we review de novo. *United States v. Smith,* 39 F.3d 119, 122 (6th Cir. 1994).

Application note 4 to § 4A1.1(d) provides guidance as to what the Sentencing Commission intended to be classified as a "criminal justice sentence:"

For purposes of [§ 4A1.1(d)] a "criminal justice sentence" means a sentence countable under § 4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this item to apply. For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included.

In *United States v. Lloyd,* 43 F.3d 1183 (8th Cir.1994), the Eighth Circuit was required to determine whether an Illinois sentence of conditional discharge should be included under § 4A1.1(d). The court noted that § 4A1.1(d) included both sentences of supervised and unsupervised probation. *Id.* at 1187. The court held that under Illinois law, conditional discharge was "the functional equivalent of 'unsupervised probation'," *id.* at 1188, and thus was included under § 4A1.1(d).[1] *See also United States v. Caputo,* 978 F.2d 972, 977 (7th Cir.1992) ("[s]ince unsupervised probation equals conditional discharge, we think the latter should be equated to probation").

Ky.Rev.Stat. § 533.020(3) (1995) states:

When a person who has been convicted of an offense or who has entered a plea of guilty to an offense is not sentenced to imprisonment, the court may sentence him to conditional discharge if it is of the opinion that the defendant should conduct himself according to conditions determined by the court but that probationary supervision

---

1. Under Illinois law, conditional discharge was defined as a " 'conditional and revocable release without probationary supervision but under such conditions as may be imposed by the court.' Ill.Rev.Stat. ch. 38, para 1005–1–4 (1989)." *Lloyd,* 43 F.3d at 1187 n. 4.

is inappropriate. Conditions of conditional discharge shall be imposed as provided in KRS 533.030, but the court may modify or enlarge the conditions or, if the defendant commits an additional offense or violates a condition, revoke the sentence at any time prior to the expiration or termination of the period of conditional discharge.

KY.REV.STAT. § 533.020(1) provides for a probationary sentence if a defendant "is in need of the supervision, guidance, assistance, or direction that the probation service can provide." The conditional discharge sentence also includes the court-imposed conditions of § 533.030 and can be revoked. Defendant does remain under the court's supervision since it can revoke the conditional discharge for violation of its terms. A conditional discharge is thus the same as a probationary sentence except that the defendant is not supervised.

Kentucky courts also treat conditional discharge as the equivalent of probation. In *Pedigo v. Commonwealth,* 644 S.W.2d 355 (Ky.Ct.App.1982), the court rejected a defendant's argument that the two were legally different for purposes of sentencing under a persistent felony offender law. The court stated that "[f]or all purposes, except supervision, or the lack thereof, there is no difference between conditional discharge and probation." *Id.* at 358. *See also Porter v. Commonwealth,* 841 S.W.2d 166, 168 (Ky.1992) ("community service is considered to be a form of conditional discharge ... and is therefore comparable to probation"). We thus hold that conditional discharge is the "functional equivalent" of an unsupervised probation under U.S.S.G. § 4A1.1(d) and that the District Court did not err in basing defendant's base offense level on this provision.

## IV.

For the foregoing reasons, we AFFIRM defendant's sentence.