107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John HILL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1287.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1997.
 
 Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 John Hill appeals pro se from a district court judgment that denied a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, a jury convicted Hill of conspiring to possess and distribute cocaine base and of distributing cocaine base within 1000 feet of a school, violations of 18 U.S.C. § 2 as well as 21 U.S.C. §§ 841(a)(1), 846 and 860(a). He was sentenced to an aggregate term of 312 months of imprisonment and 20 years of supervised release.
 
 
 3
 In his § 2255 motion, Hill alleged that he was denied the effective assistance of counsel because: 1) his trial attorney did not move for acquittal on two charges; 2) his appellate attorney did not challenge the sufficiency of the evidence; 3) his appellate attorney did not challenge the application of USSG § 2D1.1(b)(1); and 4) his appellate attorney did not challenge the trial court's finding regarding his role in the offense. The district court denied Hill's motion on January 23, 1996. Hill now appeals, moving for the appointment of counsel on appeal.
 
 
 4
 We review the denial of a § 2255 motion de novo, although the district court's factual findings are examined for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). For Hill to prevail, the record must reflect a fundamental defect that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id.
 
 
 5
 Hill has abandoned his first three claims for purposes of appellate review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). He now argues only that appellate counsel failed to challenge the trial court's finding regarding his role in the offense. Hill admits that he was not a minimal participant in the conspiracy. Thus, the only issue remaining in this appeal is Hill's contention that appellate counsel should have argued that he was a minor participant within the meaning of USSG § 3B1.2(b).
 
 
 6
 To establish the ineffective assistance of counsel, Hill must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged error. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance was not deficient because he raised other plausible arguments on direct appeal, including an argument that Hill was only a minimal participant in the conspiracy. Hill has not overcome the presumption that counsel employed sound strategy in selecting the issues to appeal, and the failure to show that counsel's performance was deficient independently defeats his claim. See id.
 
 
 7
 Moreover, Hill was not prejudiced by counsel's alleged error. Hill had the burden of showing that he was a minor participant by a preponderance of the evidence. See United States v. Miller, 56 F.3d 719, 720 (6th Cir.1995). He was required to show that he was substantially less culpable than the average participant in the conspiracy. See id. In finding that he had not met this burden, the trial court noted that Hill had used the words "we're waiting on the guy to call us back," to advise an undercover agent that he would have to wait for the supplier of the drugs. The court also found that a gun, which was involved in the conspiracy, had been found in the coat that Hill wore when he spoke to the agent. Other drugs were found in the coat, which were apparently packaged for sale. Given these facts, the court did not commit clear error by finding that Hill was not a minor participant in the conspiracy. See id. at 720-21. Hence, Hill was not prejudiced by counsel's failure to raise this issue on direct appeal.
 
 
 8
 Accordingly, Hill's motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.