**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen M. HARRIS, Defendant–**
**Appellant.**

**No. 01–3937.**

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2002.

Before SILER, DAUGHTREY, and GILMAN, Circuit Judges.

This is a direct appeal from a judgment of conviction in a criminal prosecution in which the only issue raised goes to the application of the sentencing guidelines. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Stephen Harris pleaded guilty to, and was found guilty of, armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d), and use and brandishing of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c). The district court sentenced Harris to an aggregate 127 month term of imprisonment and a three year period of supervised release. This appeal followed.

The issue for appellate review is whether the district court erred in failing to reduce Harris's base offense level four levels (instead of only three) pursuant to USSG § 3B1.2 in recognition of Harris's role in the offense as a minor participant. The question of whether a defendant is entitled to a downward departure under § 3B1.2 for his role in the offense depends heavily on factual determinations that this court reviews only for clear error. *United States v. Searan,* 259 F.3d 434, 447 (6th Cir.2001); *United States v. Owusu,* 199 F.3d 329, 337 (6th Cir.2000). A finding of fact is clearly erroneous when, although there may be some evidence to support the finding, the "reviewing court is left with the definite and firm conviction that a mistake has been committed." *Kline v. Tenn. Valley Auth.,* 128 F.3d 337, 341 (6th Cir. 1997). An examination of the record and law under this standard supports the district court's sentencing decision on appeal as it does not appear with any certainty that "a mistake has been committed."

On October 12, 2000, Stephen Harris took part in a four-person scheme to commit an armed bank robbery at the Security National Bank, Jeffersonville, Ohio. Two armed men entered the bank on that day, brandished their firearms and demanded money from the tellers. The two men left the bank after having obtained over $200,000 in cash. Police officers apprehended the two men shortly after they exited the bank and virtually all the money was recovered. Harris later admitted that he had been waiting in a second getaway car while the two men entered and robbed the bank. Harris's role was apparently to effect the escape of the two armed robbers and a third man, the driver of the initial getaway vehicle. Harris not only admitted to his role in the scheme, but he also

admitted to having known that the two men who entered the bank would be armed. Harris actually did effect the escape of the driver of the initial getaway car and, incidentally, himself, after the police appeared on the scene and arrested the two men who entered the bank. Harris remained at large for several months before he surrendered to the authorities.

Harris entered into an agreement to plead guilty to the two counts of conviction. One of the terms of the agreement was that Harris merited a two level reduction in his base offense level pursuant to USSG § 3B1.2(b) in recognition of his minor role in the offense. The district court accepted the plea and the matter was set over for the preparation of a pre-sentence report. The pre-sentence report recommends that Harris receive the agreed-upon § 3B1.2(b) reduction as a minor participant, but counsel for Harris objected on the ground that Harris deserved a *four* level reduction as a *minimal* participant under § 3B1.2(a).

The district court heard from counsel at sentencing on the § 3B1.2 objection. Counsel for Harris argued that his client deserved the minimal participant reduction essentially because he was not armed, he did not enter the bank, and he had no role in planning the robbery. The district court expressed its concern at the concept of Harris being less culpable than the primary getaway driver.

> That's what I want your help on. I want you to show me why Mr. Harris is less culpable than the other getaway driver.... He [the primary getaway driver] didn't carry out the function of being a getaway driver, did he? ... But Mr. Harris did, didn't he? He actually took one of the bank robbers and helped him escape and he was a fugitive for several months.

In response, counsel for the government agreed that Harris was the least culpable of the four members of the bank robbery scheme, but argued that Harris deserved only a three level reduction as a defendant "in between" minor and minimal participant, a circumstance expressly provided for in § 3B1.2, as Harris did fulfill his mission to spirit away half of the gang from the crime scene, thus enabling himself and the primary getaway driver to remain at large for several months. Finally, the court articulated its reasons for agreeing with the government's three point "in between" position.

> [Section 3B1.2(a)] applies to a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. I think you have made some good arguments about that branch. Then it says: Under this provision the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant. Now, that's not the case here. Mr. Harris knew there was going to be a bank robbery, he knew the scope and structure of the enterprise. Then in the next paragraph, the guideline application note says this: It is intended that the downward adjustment for a minimal participant will be used infrequently. Then it gives an example of someone who played no other role in a very large drug smuggling operation than to off-load a part of a single marijuana shipment. That is not very helpful in this case. I'm going to grant the objection in part and I'm going to—and as the guideline itself suggests that in cases falling between A and B, it would be appropriate to decrease by three levels, and I'm going to grant a

one-level reduction in addition to that granted by the probation officer.

On appeal, counsel for Harris contends that the district court erred in failing to grant an additional one level reduction as the facts plainly show that Harris was a minimal participant within the meaning of USSG § 3B1.2(a).

The district court's decision was not clearly erroneous. Section 3B1.2 of the sentencing guidelines permits a four level downward adjustment in the base offense level for a co-defendant who is a "minimal participant" in a commonly undertaken criminal enterprise, a two level adjustment for a "minor participant" in the enterprise, and a three level adjustment for one falling between "minor" and "minimal." A "minimal participant" includes a defendant "plainly among the least culpable of those involved in the conduct of a group." USSG § 3B1.2, comment. (n.1). "[A] minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* comment. (n.3). It is incumbent upon a defendant seeking the benefit of a § 3B1.2 reduction to prove by a preponderance of the evidence mitigating factors justifying a reduction for being a minimal or minor participant in the criminal activity. *United States v. Miller,* 56 F.3d 719, 721 (6th Cir.1995).

In the case at bar, the court accepted the fact that Harris had a limited role in the offense, but Harris cannot point to *any* evidence (let alone a preponderance of the evidence) negating the district court's basic finding, namely, that Harris knew he was participating as a getaway driver in an armed bank robbery and he did, in fact, carry out his function. Harris admitted as much under oath at his plea hearing and the above-quoted passage by the district court shows the court's faithful recitation of the letter and spirit of the applicable guideline as set forth in the commentary. The Sixth Circuit has upheld decisions to deny § 3B1.2 reductions, in whole or in part, to getaway drivers of robberies who engaged in the planning of, or knew the scope of, the robbery. *See, e.g., United States v. Lowery,* 60 F.3d 1199, 1202 (6th Cir.1995) (finding that a minor participant reduction was unavailable for a getaway driver who failed to participate in the actual robbery of a bank, but nevertheless actively participated in the development of the criminal scheme). It therefore does not appear that "a mistake has been committed," *Kline,* 128 F.3d at 341, and this appeal lacks merit.

Accordingly, the district court's judgment is affirmed.