**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Duane LEE, Defendant–Appellant.**

No. 01–6604.

United States Court of Appeals,
Sixth Circuit.

Nov. 5, 2002.

Before MERRITT and GILMAN, Circuit Judges; and TARNOW, District Judge.*

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Duane Lee appeals his judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a)

Lee pleaded guilty to charges of conspiracy to defraud the United States and aiding and abetting the presentation of altered U.S. Postal Service money orders, violations of 18 U.S.C. §§ 2, 371 and 500. He was sentenced to eighteen months of imprisonment to be followed by three years of supervised release.

In his timely appeal, Lee argues that the district court erred by denying him reductions in his offense level for acceptance of responsibility and for being a minor participant in the offense.

Upon review, we conclude that the district court did not err by denying Lee a reduction in offense level for playing a minor role in the offense. Lee, the proponent of the downward adjustment, bore the burden of proving a mitigating role in the offense by a preponderance of the evidence. *See United States v. Owusu,* 199 F.3d 329, 337 (6th Cir.2000). The district court's denial of a mitigating-role adjustment is reviewed under a two-part standard: factual findings are reviewed for clear error while legal conclusions are reviewed de novo. *See id.* at 337 n. 2.

Under USSG § 3B1.2, a defendant's offense level may be decreased by two levels if he was a "minor participant in any criminal activity." To qualify for this reduction, a defendant must be "substantially less culpable than the average participant." *United States v. Lloyd,* 10 F.3d 1197, 1220 (6th Cir.1993) (quoting USSG § 3B1.2 comment. (n.3)).

The mere fact that a defendant may be described as being less culpable than his co-conspirators does not automatically establish that he deserves a "minor participant" reduction. *See United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995). Rather, the defendant's actions must be compared with those of the average participant in a similar scheme, and a district court does not err in declining to give a two-point, minor-participant reduction when the defendant's role in a crime, while less significant, could be said to be "pivotal" or "necessary to its success." *See United States v. Miller,* 56 F.3d 719, 720 (6th Cir.1995). The minor-participant question is heavily dependent on the facts of the individual case. *See Owusu,* 199 F.3d at 337; § 3B1.2 comment. (n.3(C)).

█ Lee played a pivotal role in the conspiracy. He had presented altered money orders before, and he shared his blueprint for success with the other conspirators. Lee's insights and experience were necessary to the success of the scheme; therefore, the district court did not err in denying the adjustment.

A district court's conclusion that a defendant is not entitled to an adjustment for acceptance of responsibility "normally enjoys the protection of the clearly erroneous standard, and will not be overturned unless it is without foundation." *United States v. Morrison,* 983 F.2d 730, 732 (6th Cir.1993). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." Section 3E1.1, comment. (n.5).

█ The district court did not clearly err. Rather than accept responsibility for his relevant conduct, Lee campaigned to minimize the extent of his involvement.

At sentencing, Lee repeatedly denied that he was the one who altered the money orders. Lee testified that he was an artist; he alleged that a co-defendant had

altered the money orders; and he explained that was the reason the money orders "were so terrible." He testified that he had merely "giv[en] out more details than he should have" about the manner in which to alter money orders and to cash them. Although he admitted coaching a co-conspirator about how to cash the altered money orders, he protested that he "had no idea that this was going to go to the extent that it went...." During allocution, Lee stated that he had no knowledge that his co-conspirators were going to try to duplicate his prior crime.

At the second sentencing hearing, Lee softened his position. He conceded that he "in fact did assist in alteration of money orders [and] in the assistance of having money order cashed" by a co-defendant. The court sentenced Lee to the maximum guideline sentence. The court rejected Lee's averments that he was merely an incidental criminal consultant or amateur therapist for his co-defendants, finding instead that Lee was the deviser and promoter of the scheme.

In adopting the probation officer's findings and later making its own findings based on the sentencing evidence, the court determined that the report bore sufficient indicia of reliability to support its probable accuracy. *United States v. Silverman,* 976 F.2d 1502, 1511 (6th Cir.1992) (en banc). Lee did not present evidence showing that the presentence report relied upon evidence that was "materially false or unreliable." *Id.* at 1512. In fact, Lee begrudgingly teetered toward conceding that the report accurately illustrated his role in the offense.

Lee argues that he is entitled to the reduction because he pleaded guilty in a timely fashion and because, at the very end, he fully acknowledged his responsibility for the extent of his involvement. Section 3E1.1(a) provides that a defendant's offense level should be decreased by two levels if he "clearly demonstrates acceptance of responsibility for his offense." Although entry of a guilty plea before trial and truthfully admitting the conduct comprising the offense of conviction constitute significant evidence of acceptance of responsibility, these actions may be outweighed by conduct inconsistent with accepting responsibility. *See* § 3E1.1, comment. (n.3).

Lee's acceptance was outweighed by his conduct inconsistent with acceptance. Acceptance of responsibility is considered in the light of all of a defendant's *relevant conduct,* not just in the light of the matters charged in the indictment. *See* § 3E1.1, comment. (n.1(A)). Until the moment before pronouncement of sentence, Lee maintained that he was less involved than his co-defendants, despite the findings of the probation officer and despite his prior execution of the same scheme. *See* § 3E1.1, comment. (n.6) ("The timeliness of the defendant's acceptance of responsibility is a consideration ..." in determining whether the reduction is appropriate.); *see also United States v. Watkins,* 179 F.3d 489, 502 (6th Cir.1999) (stating that there has been no acceptance of responsibility where defendant tried to excuse conduct by insisting drug operations were not his idea and stating he was not a drug dealer). Merely pleading guilty to the charges in the indictment did not entitle Lee to the adjustment "as a matter of right." *See United States v. Wolfe,* 71 F.3d 611, 616 (6th Cir.1995). In the light of the facts of record and the deference accorded the district court's assessment of Lee's credibility, the court did not clearly err.

Accordingly, we affirm the district court's judgment.