**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eli GONZALEZ, Defendant–Appellant;**

**Misael A. GONZALEZ, also known as Andres Ramos–Hernandez DefendantAppellant.**

**Nos. 02–5159, 02–5160.**

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District Judge.*

### ORDER

Eli Gonzalez (Case No. 02–5159) and Misael A. Gonzalez (02–5160) appeal their judgments of conviction and sentence. Case No. 02–5159 has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a). The parties in Case No. 02–5160 have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 4, 2001, Eli Gonzalez pleaded guilty to conspiring to distribute in excess of 50 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The court sentenced Gonzalez to 135 months of imprisonment.

Subsequently, on July 5, 2001, the district court accepted Misael Gonzalez's guilty plea to conspiring to distribute in excess of 50 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The court sentenced him to 135 months of imprisonment. The appellants filed timely appeals.

On appeal, Eli Gonzalez's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising the following issues: 1) whether Gonzalez's sentence is illegal in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and 2)

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

whether the court's enhancement of Gonzalez's offense level (based on other drugs not charged in the indictment) implicates *Apprendi*. In a response to counsel's motion, Eli Gonzalez essentially reasserts the two issues raised by counsel. He also argues that his guilty plea was invalid.

Misael Gonzalez's counsel has filed an appellate brief, arguing that the district court improperly denied Misael a four-level reduction for being a minimal participant in the conspiracy.

■ Upon review, in Case No. 02–5159, we conclude that Gonzalez's sentence is not in violation of the rule announced in *Apprendi*, 530 U.S. at 590, 120 S.Ct. 2402, which provides that a non-jury factual determination may not support a sentence beyond the statutory maximum penalty for the offense of conviction. Gonzalez's sentence of 135 months for conspiring to distribute in excess of 50 grams of methamphetamine was not above the prescribed statutory base maximum penalty of twenty years, as provided in 21 U.S.C. § 841(b)(1)(C). Moreover, *Apprendi* is not applicable in this case because Gonzalez pleaded guilty to conspiring to distribute in excess of 50 grams of methamphetamine. *See, e.g., United States v. Harper*, 246 F.3d 520, 530–31 (6th Cir.2001) (*Apprendi* is not implicated where the defendant has stipulated to the amount of drugs for which he was held responsible), *cert. denied*, 534 U.S. 896, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001). This is simply not a case where the district court determined any factor that produced a sentence beyond the base maximum penalty as contemplated by the offense of conviction. Hence, Gonzalez's sentence is not in violation of *Apprendi*. *See, e.g., United States v. Corrado*, 227 F.3d 528, 542 (6th Cir. 2000) (holding *Apprendi* is not triggered when defendants were sentenced within the prescribed maximum terms before factoring in any enhancing provisions).

■ Moreover, to the extent that Eli Gonzalez raises an issue concerning whether the district court improperly considered any sentencing guidelines factor that enhanced his offense level, the argument is unavailing because *Apprendi* does not apply to sentences that are calculated under the sentencing guidelines, unless the guidelines sentence exceeds the statutory maximum. *See Harper*, 246 F.3d at 530–31 & n. 7. To the extent that he raises an issue concerning whether the district court improperly considered any factors that improperly raised the mandatory minimum sentence for his offense, it is now clear that the holding in *Apprendi* only applies to sentencing factors that raise the statutory maximum, rather than the minimum sentence that is required by statute. *See Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 2414–19, 153 L.Ed.2d 524 (2002); *United States v. Burns*, 298 F.3d 523, 544–45 (6th Cir.2002); *United States v. Gray*, 260 F.3d 1267, 1281 (11th Cir. 2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 2672, 153 L.Ed.2d 845 (2002).

The record reflects that the district court properly calculated Eli Gonzalez's sentence. Gonzalez's total offense level was properly calculated at 31, as was his Criminal History Category Score of III. This resulted in a guideline imprisonment range of 135–168 months. The district court sentenced Gonzalez to 135 months of imprisonment. This sentence was within the applicable guidelines range. Thus, Gonzalez's sentence was proper.

■ We also conclude that Eli Gonzalez entered a valid guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). A review of the record reflects that, during Gonzalez's

plea hearing, the district court explained the rights that Gonzalez was waiving, determined that Gonzalez understood the indictment to which he was pleading guilty, explained the potential penalty associated with the guilty plea, and determined that no threats had been made to compel Gonzalez to plead guilty. In addition, Gonzalez acknowledged the accuracy of the factual basis for his plea and admitted that he was guilty of the charged offense.

Finally, we have reviewed the record and have discovered no error warranting reversal of Eli Gonzalez's conviction.

■ We also conclude, in Case No. 02–5160, that the district court properly sentenced Misael Gonzalez. *United States v. O'Dell,* 247 F.3d 655, 674 (6th Cir.2001); *United States v. Murphy,* 241 F.3d 447, 458 (6th Cir.2001). Gonzalez has not established that he was entitled to a reduction for being a minimal participant. *See United States v. Owusu,* 199 F.3d 329, 337 & n. 2 (6th Cir.2000). Under § 3B1.2, a defendant's offense level may be decreased by four levels if the defendant was a minimal participant in any criminal activity. The guidelines commentary defines a "minimal" participant as "a defendant who plays a minimal role in concerted activity ... [a] defendant who [is] plainly among the least culpable of those involved in the conduct of a group...." *See* USSG § 3B1.2, comment. (n.1). This four-level adjustment "is intended ... [to] be used infrequently," in cases where, although the defendant participated in the criminal activity, he had little or no "knowledge or understanding of the scope and structure of the enterprise and of the activities of [the] others." *See* USSG § 3B1.2, comment. (n. 1 & 2). However, the mere fact that a defendant may be described as being less culpable than his co-conspirators does not automatically establish that he deserves even a minor participant reduc-

tion. *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995). Rather, the defendant's actions must be compared with those of the average participant in a similar scheme, and a district court does not err in declining to give a two-point minor-participant reduction when the defendant's role in a crime, while less significant, could be said to be pivotal or necessary to its success. *See, e.g., United States v. Miller,* 56 F.3d 719, 720 (6th Cir.1995).

Misael Gonzalez was not entitled to a reduction as a minimal participant. A review of the record indicates that he was pivotal to the success of the conspiracy because he was the supplier of the drugs that were eventually delivered to the confidential informant. First, the agents observed Gonzalez approach co-defendant Jiminez–Santana's residence, at which time he provided Jiminez–Santana with 466.3 grams of methamphetamine. After providing the methamphetamine, Gonzalez waited at the residence while Jiminez–Santana made the delivery to the confidential informant in order to receive payment for the methamphetamine. Moreover, there was evidence that Gonzalez was an ongoing supplier. Gonzalez was in possession of "slightly less than $5,000 cash" when he was arrested. However, he offered no evidence of gainful employment. In addition, Gonzalez stated that he could arrange for the delivery of a large quantity of methamphetamine if the agents would release him and not charge him. Because Gonzalez was a significant member of the conspiracy, the district court was justified in finding that his participation was more than minimal. *See United States v. Gaitan–Acevedo,* 148 F.3d 577, 586 (6th Cir.1998). It is also noted that Gonzalez was not absolutely entitled to a reduction for being a minimal participant because he was only held accountable for the amount of drugs attributable to him. *See United States v.*

*Campbell,* 279 F.3d 392, 396 (6th Cir.2002) (upholding denial of role reduction where the defendant was held accountable only for the amount of drugs he actually purchased and distributed).

Accordingly, in Case No. 02–5159, we grant counsel's motion to withdraw and affirm Eli Gonzalez's judgment of conviction and sentence, pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. In Case No. 02–5160, we affirm Misael Gonzalez's judgment of conviction and sentence.