**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Lawrence HARPER,
Defendant–Appellant.**

**No. 02–1114.**

United States Court of Appeals,
Sixth Circuit.

Dec. 17, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and RUSSELL, District Judge.*

*ORDER*

John Lawrence Harper, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 2001, Harper pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. §§ 841 and 846. Harper was sentenced to 108 months of imprisonment.

Harper has filed a timely appeal, arguing that: 1) the district court improperly denied him a four-level reduction for being a minimal participant in the conspiracy; and 2) the district court should have granted him a downward departure based on his substantial assistance to the government.

Initially, we note that Harper did not raise his second claim in the district court. Although Harper noted, during the sentencing hearing, that the government failed to move for a downward departure, he did not argue that the court should have granted him a downward departure based on his substantial assistance to the government. Rather, he merely argued that he was entitled to a mitigating role adjustment. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *See United States v.*

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

*Ursery,* 109 F.3d 1129, 1137 (6th Cir.1997); *Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case. Thus, we will not address this claim.

■■■ Nonetheless, we note that a district court generally lacks authority to grant a downward departure pursuant to USSG § 5K1.1 absent a motion by the government. *United States v. Hawkins,* 274 F.3d 420, 426 (6th Cir.2001). Section 5K1.1 grants the government the discretion to file such a motion, but it does not impose a duty to move for departure when the defendant has rendered substantial assistance. *Id.*

Upon review, we conclude that the district court properly sentenced Harper. This court reviews de novo a district court's application and interpretation of the sentencing guidelines; however, the district court's factual determinations will not be disturbed unless they are clearly erroneous. *United States v. O'Dell,* 247 F.3d 655, 674 (6th Cir.2001); *United States v. Murphy,* 241 F.3d 447, 458 (6th Cir. 2001).

■■■ Harper has not established that he was entitled to a reduction for being a minimal participant. *See United States v. Owusu,* 199 F.3d 329, 337 & n. 2 (6th Cir.2000). Under § 3B1.2, a defendant's offense level may be decreased by four levels if the defendant was a minimal participant in any criminal activity. The guidelines commentary defines a "minimal" participant as "a defendant who plays a minimal role in concerted activity ... [a] defendant who [is] plainly among the least culpable of those involved in the conduct of a group...." *See* USSG § 3B1.2, comment. (n.1). This four-level adjustment "is intended ... [to] be used infrequently," in cases where, although the defendant participated in the criminal activity, he had little or no "knowledge or understanding of

the scope and structure of the enterprise and of the activities of [the] others." *See* USSG § 3B1.2, comment. (n.1 & 2). However, the mere fact that a defendant may be described as being less culpable than his co-conspirators does not automatically establish that he deserves even a minor participant reduction. *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995). Rather, the defendant's actions must be compared with those of the average participant in a simliar scheme, and a district court does not err in declining to give a two-point minor-participant reduction when the defendant's role in a crime, while less significant, could be said to be pivotal or necessary to its success. *See, e.g., United States v. Miller,* 56 F.3d 719, 720 (6th Cir.1995).

Harper was not entitled to a reduction as a minimal participant. A review of the plea agreement establishes that Harper stipulated that he had been a participant in the conspiracy from November 1, 1999, through October 26, 2000. Harper also stipulated that he re-distributed cocaine base to other members of the conspiracy as well as directly into Detroit area neighborhoods. The plea agreement also reflects that Harper was aware that the cocaine was being distributed to various members of the conspiracy for distribution at a substantial profit. This information clearly establishes that Harper had "knowledge or understanding of the scope and structure of the enterprise" and that he was aware "of the activities of [the] others" involved in the conspiracy. Because Harper was a significant member of the conspiracy for such an extended period of time, the district court was justified in finding that his participation was more than minimal. *See United States v. Gaitan–Acevedo,* 148 F.3d 577, 586 (6th Cir. 1998). It is also noted that Harper was not absolutely entitled to a reduction for

being a minimal participant because he was only held accountable for the amount of drugs attributable to him. *See, e.g., United States v. Campbell,* 279 F.3d 392, 396 (6th Cir.2002) (upholding denial of role reduction where the defendant was held accountable only for the amount of drugs he actually purchased and distributed).

Accordingly, we affirm the judgment of conviction and sentence.