**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry Rena BROWN, Defendant–
Appellant.**

Nos. 02–5633, 02–5645.

United States Court of Appeals,
Sixth Circuit.

Feb. 11, 2003.

Before GILMAN and GIBBONS,
Circuit Judges; and ECONOMUS,
District Judge.*

### ORDER

Larry Rena Brown appeals his judgments of convictions and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 2000, Brown pleaded guilty to aiding and abetting attempted armed bank robbery in violation of 18 U.S.C. §§ 2 and 2113(d), and aiding and abetting the use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c). (Case No. 02–5633). In connection with two separate bank robberies, Brown pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(d). (Case No. 02–

5645). The court sentenced Brown to 125 months of imprisonment for the bank robberies, and a concurrent 60 months of imprisonment for the use of a firearm. Brown has filed a timely notice of appeal from both judgments.

On appeal, Brown's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In both cases, counsel submits the following issues for review: 1) whether the district court improperly declined to depart downward based on Brown's illness and surgery during incarceration and based on the threats he received during his incarceration; 2) whether the district court improperly accepted Brown's guilty pleas; 3) whether the district court improperly declined to grant Brown a downward departure for being a minimal or minor participant in the offenses. In Case No. 02–5633, counsel submits the following issue for review: 4) whether the district court improperly enhanced Brown's offense level for "assaulting a police officer" and for "using" a firearm. In response to counsel's motion, Brown argues that: 1) he is entitled to a downward departure based on his role in the offense; and 2) counsel has rendered ineffective assistance by not communicating with him regarding meritorious grounds for appeal. He also moves for the appointment of new counsel.

Upon review, we conclude that the district court's decision denying Brown a downward departure is not reviewable because the sentencing transcript does not reveal any ambiguous statements by the district court concerning its discretion to depart. *See United States v. Landers,* 39 F.3d 643, 649 (6th Cir.1994).

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio sitting by designation.

We also conclude that the district court properly accepted Brown's guilty plea. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The record reflects that Brown understood the rights he was waiving, that he understood the potential penalties associated with his crimes, and that he acknowledged his guilt to the crimes.

Brown was not entitled to a reduction for being a minimal *or* a minor participant in the offenses. *United States v. Owusu,* 199 F.3d 329, 337 & n. 2 (6th Cir.2000). Brown did not "exhibit a lack of knowledge or understanding of the scope and structure of the enterprise and of the activities" of his partner. *See* USSG § 3B1.2, comment. (n.1 & 2). Moreover, Brown's role as the getaway driver can be said to have been pivotal or necessary to the success of the robberies. *See, e.g., United States v. Miller,* 56 F.3d 719, 720 (6th Cir.1995).

In addition, we conclude that the district court properly enhanced Brown's offense level for "assaulting a police officer" and for "using" a firearm. Brown's offense level was properly enhanced under § 3A1.1 because Brown's partner used a weapon to shoot an off-duty security guard during one robbery. Brown's offense level was also properly enhanced under § 2B3.1(b) because his partner brandished a weapon during the robberies. Furthermore, Brown may be held accountable for the reasonably foreseeable conduct of his partner. *See United States v. King,* 915 F.2d 269, 272–73 (6th Cir.1990); USSG § 1B1.3, comment. (n.2).

We decline to consider Brown's claim of ineffective assistance as the existing record does not provide an adequate basis for reviewing this claim. This claim would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Allison,* 59 F.3d 43, 47 (6th Cir. 1995).

Finally, we have reviewed the record, including the transcripts of the plea and sentencing hearings, and discovered no error warranting reversal of Brown's convictions or sentence.

Accordingly, we grant counsel's motion to withdraw, deny the appointment of new counsel, and affirm the judgments of convictions and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.