NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0154n.06

Case No. 23-5242

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
Apr 04, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| ANOLA LEWIS, | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SUTTON, Chief Judge; GRIFFIN and READLER, Circuit Judges.

SUTTON, Chief Judge. Anola Lewis pleaded guilty to conspiring to distribute fentanyl. The sentencing guidelines recommended a prison term between 57 and 71 months. The district court sentenced Lewis to 57 months. She now challenges that sentence as procedurally and substantively unreasonable. We affirm.

I.

In 2020, law enforcement investigated a drug-distribution operation in Tennessee. Through controlled buys, the officers obtained pills designed to look like commercially manufactured oxycodone. In reality, the pills contained fentanyl, a lethal drug that "unquestionably poses a severe danger to anyone who comes in contact with it." *Zakora v. Chrisman*, 44 F.4th 452, 470 (6th Cir. 2022). Further investigation implicated more than a dozen individuals in the operation, including Lewis.

Intercepted text messages and phone calls revealed that Lewis negotiated, "arrang[ed,] and consummate[d] fentanyl pill transactions" with Lee Clements, a known member of the distribution ring. R.478 at 3. In the communications, Lewis would arrange drug quantity, type, price, and meeting location. An agent also tailed Lewis as she completed some of the negotiated transactions.

Officers arrested Lewis, and she pleaded guilty to conspiring to distribute 391.8 grams of fentanyl. 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The guidelines recommended a prison term between 57 and 71 months. Lewis did not object to the presentence report, including its recommended guidelines range, and requested a downward variance. The court sentenced her to 57 months.

II.

Lewis challenges the procedural and substantive reasonableness of her sentence. Because Lewis failed to object below, even after being given the chance to do so, we review her procedural challenge for plain error. *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). We review her substantive challenge for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

*Procedural reasonableness.* The procedural imperatives of a fair sentence are well established. They require district courts to calculate the guidelines range correctly, treat the guidelines as advisory, make correct factual determinations, and consider the § 3553(a) sentencing factors. *See United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). The district court followed that process in imposing this bottom-of-the-range sentence. No error, much less a plain error, occurred.

Lewis challenges this conclusion in a few ways. She first claims that the district court erred in basing Lewis's offense level on the weight of the fentanyl-laced pills, as opposed to the weight

2

of pure fentanyl.  But the law is otherwise.  Courts calculate offense levels for fentanyl possession and distribution based on the weight of the "mixture or substance containing a detectable amount" of fentanyl.  21 U.S.C. § 841(b)(1)(A)(vi); *see United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019).  The guidelines echo this view.  "Unless otherwise specified," they say, "the weight of a controlled substance . . . refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance."  U.S.S.G. § 2D1.1(c) cmt. n.A; *see also Chapman v. United States*, 500 U.S. 453, 465 (1991) (concluding that Congress had a rational basis to "assign[] more severe penalties to the distribution of larger quantities of drugs" as measured by "street weight" as opposed to "the net weight of the active component").  That is just what the district court did.   It makes no difference that Lewis disagrees with this metric.  A court does not commit plain error by applying the law.  *See United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011) (rejecting the argument that a district court must disregard the guidelines if it disagrees with them).

Lewis next argues that the government failed to prove by a preponderance of the evidence that she was responsible for 391.8 grams of fentanyl mixture.  But "[t]he preponderance of the evidence standard applies [only] to contested facts in sentencing proceedings," not "undisputed portion[s] of the presentence report."  *United States v. Small*, 988 F.3d 241, 257 (6th Cir. 2021) (first quoting *United States v. Silverman*, 889 F.2d 1531, 1535 (6th Cir. 1989); then quoting Fed. R. Crim. P. 32(i)(3)(A)).  Because Lewis accepted the presentence report, the government did not have to offer any more facts to prove the amount of the drugs for which she was responsible.  *See Small*, 988 F.3d at 257.

Lewis next argues that the court erred by failing to reduce Lewis's offense level because she played a "minimal" or at most a "minor" role in the criminal scheme.  *United States v.*

*Guerrero*, 76 F.4th 519, 533 (6th Cir. 2023) (quoting U.S.S.G. § 3B1.2). These proposed reductions apply when a defendant proves that she is "'substantially less culpable than the average participant' in the crime." *Id.* (quotation omitted). On plain error review, we will reverse a court's decision only if it was "derelict" and committed to an "obvious" error. *Vonner*, 516 F.3d at 388 (quotation omitted).

We see no error, obvious or otherwise, in the court's finding that Lewis was not a "minor" participant in the criminal scheme. The record establishes that Lewis arranged several fentanyl exchanges with a known member of the distribution ring. That gave her an important, not a minor, role in "carrying out the [criminal] plan." *United States v. Latouf*, 132 F.3d 320, 332 (6th Cir. 1997). She also failed to establish the role of the "average participant" and thus could not show how she played a comparatively minor role. *United States v. Miller*, 56 F.3d 719, 720 (6th Cir. 1995); *see United States v. Wilson*, 802 F. App'x 976, 981 (6th Cir. 2020). The court did not err and certainly was not "derelict" in forgoing a role reduction. *Vonner*, 516 F.3d at 388; *see Guerrero*, 76 F.4th at 533.

B.

*Substantive reasonableness.* Lewis argues that her sentence is "too long." *Rayyan*, 885 F.3d at 442. But she falls far short of rebutting the presumption that this within-guidelines sentence was substantively reasonable. *See Gall*, 552 U.S. at 51. Given that she was responsible for a large amount of fentanyl, an "unquestionably" dangerous drug that "poses a severe danger to anyone who comes in contact with it," we cannot fault the district court's decision to sentence her within the guidelines range. *Zakora*, 44 F.4th at 470.

III.

Lewis separately raises a claim of ineffective assistance of counsel. But this claim jumps the gun. We generally require defendants to wait until collateral review to raise such claims. *See United States v. Bradley*, 400 F.3d 459, 461–62 (6th Cir. 2005); 28 U.S.C. § 2255. On this record, which does not contain any information about Lewis's lawyer's strategy at sentencing, we think it prudent to stand by this traditional approach.

We affirm.