108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pamela Sue FOUCH, Defendant-Appellant.
 No. 96-1542.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1997.
 
 Before: SILER, COLE, and VAN GRAAFEILAND,* Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Pamela Fouch, appeals her sentence following a guilty plea to money laundering. The primary issue is whether she should be considered a "minimal participant" or a "minor participant" for sentencing purposes, U.S. SENTENCING GUIDELINES MANUAL (USSG) § 3B1.2 (1995), and whether the district court properly considered all of the relevant conduct in making that determination. The district court awarded Pamela a two-point offense level reduction as a "minor participant"; Pamela contends that she should have been awarded a four-point reduction as a "minimal participant." We AFFIRM.
 
 I.
 
 2
 In the early 1990s, the Fouch Family (Jay and Linda Fouch and their sons Michael and Robert Fouch) managed the Bay Area Medical Federal Credit Union ("BAMFCU") in Traverse City, Michigan. Pamela Fouch, who is married to Michael Fouch, occasionally worked at BAMFCU as a teller. Certain members of the Fouch family embezzled and misapplied funds and prepared false records at the BAMFCU, resulting in a total loss of approximately $2.2 million.
 
 
 3
 Although Pamela apparently did not embezzle any funds, she used illegally derived funds to buy expensive personal items, such as a Mercedes automobile in April 1992. In sum, approximately $886,000 of credit union money was wrongfully transferred to accounts in Pamela's and Michael's names. Pamela eventually pleaded guilty to count eighteen of the indictment, which alleged money laundering. The remaining counts against her were dismissed.
 
 
 4
 The government recommended that Pamela receive a four-point offense level decrease as a "minimal participant" in the offense under USSG § 3B1.2(a). However, the district court followed the recommendation in the presentence investigation report and granted Pamela a two-level decrease as a "minor participant" under USSG § 3B1.2(b). The two-level decrease resulted in a Guideline range of 15-21 months rather than a range of 10-16 months, which would have followed a four-point decrease in the offense level. The district court then sentenced Pamela to 18 months of incarceration plus supervised release and restitution in the amount of $887,000.
 
 II.
 
 5
 "In reviewing the district court's application of the sentencing guidelines, factual findings of the district court are subject to the 'clearly erroneous' standard of review, while legal conclusions are reviewed de novo." United States v. Scott, 74 F.3d 107, 111 (6th Cir.1996). Thus, this court "reviews de novo the question of whether a sentence was imposed as a result of an incorrect application of the guidelines," United States v. Thomas, 24 F.3d 829, 833 (6th Cir.), cert. denied, 115 S.Ct. 453 (1994), while it reviews for clear error the district court's determination of the defendant's role in the offense. United States v. Miller, 56 F.3d 719, 720 (6th Cir.1995); United States v. Alexander, 59 F.3d 36, 38 (6th Cir.1995). The defendant has the burden of proving that she was a minor or minimal participant by a preponderance of the evidence. Miller, 56 F.3d at 720.
 
 III.
 
 6
 In this case, part of the relevant conduct for which Pamela was held accountable was the approximately $886,000 that was gradually deposited into Pamela's and Michael's accounts over the course of the embezzlement scheme. Pamela admitted responsibility for this amount in her plea agreement. However, she maintains that the court did not consider all of the conduct associated with that loss in determining her role in the offense. Thus, the issue is whether the district court properly considered all of the relevant conduct relating to the $886,000.
 
 
 7
 The law is clear that a district court must consider all relevant conduct in weighing a defendant's role in the offense. "The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), i.e., all conduct included under § 1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction." USSG Ch. 3, Pt. B, intro. comment.
 
 
 8
 Contrary to Pamela's arguments, the district court properly considered all of the relevant conduct. Pamela admitted to the court that she purchased the Mercedes to "assist in the embezzlement" and to "get the money out of the credit union account." Furthermore, at sentencing, Pamela's counsel emphasized that "although Pam did benefit from the amounts which were taken from the bank," she had nothing to do with embezzling the funds and thus should be considered less culpable than her husband. Clearly, the court considered that Pamela did not embezzle or falsify records. In fact, the court even admitted that "probably money laundering is all you are guilty of from what I can see. I don't see that you had anything to do with embezzling money from the credit union."
 
 
 9
 The district court concluded that Pamela was a minor participant. From its summary of the facts, it is clear that much evidence was presented that Pamela was not involved in embezzling the money and that she should be held less culpable than her husband. The district court acknowledged Pamela's limited involvement, yet, based on her extravagant spending and on the substantial benefits that she received, considered it more appropriate to award Pamela a two-point reduction as a minor participant.
 
 IV.
 
 10
 Pursuant to section 3B1.2 of the guidelines, a sentencing court may reduce a defendant's offense level by four levels if the defendant was a "minimal participant," and by two levels if the defendant was a "minor participant." Application note one to section 3B1.1 limits "minimal participant" to:
 
 
 11
 a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.
 
 
 12
 USSG § 3B1.2, comment. (n. 1). Moreover, it "is intended that the downward adjustment for a minimal participant will be used infrequently." Id., comment. (n. 2); United States v. Ledezma, 26 F.3d 636, 646 (6th Cir.), cert. denied, 115 S.Ct. 349 (1994). Pamela is not automatically entitled to a "minimal participant" (or "minor participant") reduction simply because her husband could have been deemed more culpable than she. Jackson, 55 F.3d at 1225. Rather, Pamela's actions must be compared with those of the average participant in a similar scheme. Id. The district court's decision that she was a "minor participant" rather than a "minimal participant" was not clearly erroneous.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, United States Circuit Judge for the Second Circuit, sitting by designation