**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Ivette ROSA, Defendant–Appellant.**

**No. 02–3106.**

United States Court of Appeals,
Sixth Circuit.

Oct. 31, 2002.

Before MARTIN, Chief Circuit Judge; NELSON, and GILMAN, Circuit Judges.

*ORDER*

Ivette Rosa appeals her judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Following a bench trial, the court found Rosa guilty of establishing a drug manufacturing operation, a violation of 21

U.S.C. § 856(a)(2). The court sentenced Rosa to twenty-one months of imprisonment to be followed by two years of supervised release.

In her timely appeal, Rosa argues that § 856(a) is unconstitutionally vague as applied to her and that there was insufficient evidence to support her conviction.

■ Upon review, we conclude that § 856(a)(2) furnishes fair notice that it is illegal for a homeowner to knowingly and intentionally allow her house to be used in the distribution of drugs. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972) (holding that a criminal statute is void for vagueness if "it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute' ") (quoting *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954)). Section 856(a)(2) prohibits an individual from "manag[ing] or control[ling] any building, room, or enclosure, either as an owner, lessee, agent, employee, or mortgagee, and knowingly and intentionally ... mak[ing] available for use, with or without compensation, the building, room, or enclosure for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance. § 856(a)(2).

Rosa contends subsection (a)(2) of the statute is unconstitutionally vague because it does not give fair notice of the conduct it prohibits. She contends that the statute is vague because it permitted her conviction without her taking an affirmative act. Under § 856(a)(2), the defendant is liable if she manages or controls a building that *others* use for an illicit purpose, and she either knows of the illegal activity or remains deliberately ignorant of it. *United States v. Chen*, 913 F.2d 183, 190 (5th Cir.1990).

Contrary to Rosa's contention that § 856(a)(2) is a strict-liability statute, the government was required to prove that she knew of the criminal activity that was occurring in her home. *United States v. Tamez*, 941 F.2d 770, 774 (9th Cir.1991) (stating that § 856(a)(2) "requires only that proscribed activity was present, that [the defendant] knew of the activity and allowed that activity to continue."). In sum, the statute is not vague as applied to Rosa. *See United States v. National Dairy Prods. Corp.*, 372 U.S. 29, 33, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963) (stating that a court must consider a vagueness attack solely in relation to whether the statute sufficiently warns a defendant that his particular conduct is prohibited thereunder); *see also United States v. Thomas*, 864 F.2d 188, 196–97 (D.C.Cir.1988) (rejecting vagueness challenge to regulation that was not vague as applied to defendants).

■ Our review of the trial record reveals that there was sufficient evidence to support Rosa's conviction. In reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, we examine whether, after viewing the evidence in the light most favorable to the government, *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We draw all available inferences and resolve all issues of credibility in favor of the verdict, and it is not necessary for this court to exclude every reasonable hypothesis but guilt. *United States v. Jones*, 102 F.3d 804, 807 (6th Cir.1996).

Investigating agents arranged two controlled purchases of heroin from Heriberto Capellan, Rosa's live-in boyfriend. On February 23, 2001, a confidential informant bought five grams of heroin from Capellan. On March 16, the informant

bought fifteen grams of heroin for $1,650. On each occasion, after receiving a call from the informant, Capellan left the home he shared with Rosa, exchanged the heroin for the cash at another location, and then returned to Rosa's home.

Shortly after the second deal, officers searched Rosa's home. In a crawl space adjacent to the basement, officers found 340 grams of heroin and a bag of crack cocaine buried in some rocks and gravel. According to a testifying agent, Rosa confessed that she owned the home, that Capellan was her live-in boyfriend, and that she knew that Capellan dealt heroin. After questioning Capellan, agents retrieved a wad of money from the inside of a futon mattress in Rosa's living room. Agents identified part of the cash as the marked bills they had exchanged for the heroin in the controlled purchases.

As noted above, the government was required to prove that Rosa owned the house and that she knowingly permitted Capellan to use it to distribute drugs. *Tamez*, 941 F.2d at 774; *Chen*, 913 F.2d at 190. In the light of the district court's credibility assessments, which we may not weigh anew at this juncture, *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir. 1995), sufficient evidence was presented to support Rosa's conviction.

Accordingly, we affirm the district court's judgment.