NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0629n.06
Filed: August 29, 2007

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CASE NO. 06-1318, 06-1496

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff-Appellee/Cross-Appellant, | : | |
| | : | ON APPEAL FROM THE |
| v. | : | UNITED STATES DISTRICT COURT |
| | : | FOR THE EASTERN DISTRICT OF |
| | : | MICHIGAN |
| PATRICE ALLEN, | : | |
| | : | |
| Defendant-Appellant/Cross-Appellee. | : | |
| | : | |
| | : | |
| | : | |

**BEFORE: GIBBONS and McKEAGUE, Circuit Judges; BERTELSMAN, District Judge [1].**

**PER CURIAM**:

Defendant-Appellant Patrice Allen appeals her conviction of possession with intent to

distribute crack cocaine, aiding and abetting, and making her home available for the purpose of

unlawfully storing, distributing, or using crack cocaine. The government cross-appeals, arguing

that the trial court erred in applying the safety valve in sentencing the defendant and in giving her

a reduction in her sentencing level for acceptance of responsibility and having a minimal role in

the offense. Because we find sufficient evidence existed to support the conviction and that the

trial court did not commit clear error in its sentencing decisions, we affirm.

---

[1]The Honorable William O. Bertelsman, United States District Judge for the Eastern
District of Kentucky, sitting by designation.

1

For the most part, the facts are undisputed. On February 19, 2004, an informant told officers that he had made multiple purchases of cocaine from Antrell Wright at 630 North 8th Street in Saginaw, Michigan. The defendant resides at this address. Mr. Wright also stayed at this residence a few nights a week, had his own key, and kept some of his belongings in a dresser in the defendant's bedroom.

On February 19, 2004, the defendant came home, found Mr. Wright sitting in the living room and discovered crack cocaine and a scale on a fan. She testified that she told Wright to "get that out [of] my house." Approximately fifteen minutes later, the defendant and Wright left the house to go bowling. The defendant admitted that she knew when she left the house that the cocaine was still on the fan. As the defendant and Wright were pulling out of the driveway, the informant approached the car and purchased 1.5 grams of cocaine from Wright for $130.00. Shortly thereafter, Wright and Allen were arrested.

The following day, the police executed a search warrant on the defendant's home. The officers seized the cocaine and scale that were on the fan and also found 86.25 grams of crack cocaine wrapped in a white t-shirt in a dresser drawer in the bedroom. The defendant was charged with two counts: possession with intent to distribute 50 grams or more of cocaine, aiding and abetting; and making her home available for the purpose of unlawfully storing, distributing or using crack cocaine.

The case against the defendant went to trial. At the conclusion of the government's evidence, the district judge granted a partial acquittal with regard to the cocaine found in the dresser drawer, which reduced the quantity of cocaine from 50-150 grams to 5-50 grams of cocaine. The jury returned a guilty verdict on both counts.

At sentencing, the court found that the defendant was entitled to the application of the safety valve, avoiding the statutory mandatory minimum sentence of 60 months. The court also granted a two-level reduction for the safety valve, a two-level reduction for acceptance of responsibility, and a four-level reduction for being a minimal participant. The court sentenced the defendant to 27 months of incarceration and four years of supervised release, 33 months below the statutory minimum and 36 months below what the government argues is the applicable guideline range.[2]

## I.      The Evidence Was Sufficient To Support The Jury's Verdict.

The Supreme Court has held that in reviewing an insufficiency of the evidence claim, this court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis original); *United States v. Copeland*, 321 F.3d 582, 600 (6th Cir. 2003). The court is bound to make all reasonable inferences and credibility determinations in support of the jury's verdict. *Jackson*, 443 U.S. at 319.

Count one charged that the defendant knowingly possessed, and aided and abetted another in possessing, crack cocaine with the intent to distribute it. To sustain a conviction under 21 U.S.C. § 841(a)(1) for possession with intent to distribute, the government must establish that: 1) the defendant knowingly; 2) possessed a controlled substance; 3) with the intent to distribute. *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir. 1995).

---

[2]The court notes that the probation officer incorrectly calculated the defendant's sentence in the PSR based upon the distribution of 50-150 grams of cocaine, but during the sentencing hearing the parties agreed that the correct relevant conduct range is 5-50 grams of cocaine.

The essential elements of aiding and abetting require that the defendant in some way participated in the venture as something she wished to bring about and sought to make succeed. *Nye & Nissen v. United States*, 336 U.S. 613, 618 (1949). *See also United States v. Ward*, 190 F.3d 483, 487 (6th Cir. 1999). Mere presence at the scene and knowledge of the crime is insufficient to establish that the defendant aided and abetted another in the possession with the intent to distribute cocaine. *See United States v. Pena*, 983 F.2d 71, 72-73 (6th Cir. 1993).

The defendant argues that, at the most, the evidence established that on February 19, 2004, Mr. Wright was a guest in her home, she knew that he had placed crack cocaine and a scale on her fan, and she left the home knowing that the cocaine was still on the fan. She argues that this is insufficient evidence to support a finding that she in any way intended to assist Mr. Wright in his possession of those drugs or that she made her home available for drug activity.

To the contrary, the evidence was sufficient for a jury to reasonably find that the defendant intended to assist Mr. Wright in providing him a place to store the cocaine prior to its distribution. The evidence established that the defendant entered her home on February 19, 2004 to find Mr. Wright in her living room. She immediately noticed cocaine and a scale on top of a fan. She testified that she became upset with Mr. Wright and told him to get the cocaine out of her house. She admitted, however, that she left the house with Mr. Wright just fifteen minutes later to go bowling, and she knew when she left that the cocaine was still in her home. The jury could reasonably conclude that by voluntarily leaving her home to go out socially with Mr. Wright, knowing the cocaine was sitting in her home, the defendant intended to help Mr. Wright by providing him a safe place to keep the cocaine.

In addition, the jury could reasonably have concluded that the defendant intended that Mr.

4

Wright would distribute the cocaine based upon the testimony regarding the amount of cocaine found, how it was packaged, the presence of the scale, and the value of the cocaine. Accordingly, the jury had sufficient evidence to reasonably conclude that the defendant intended to assist Mr. Wright in his possession with intent to distribute.

Moreover, the government did not charge only aiding and abetting, but also that the defendant had possession with intent to distribute. The government is not required to prove actual possession to meet its proof, but constructive possession is sufficient. *United States v. Reed*, 141 F.3d 644, 651 (6th Cir. 1998). "Constructive possession exists when a person knowingly has the power and intention at a given time to exercise dominion and control over an object" not in his or her actual possession, or over the premises in which the object is located. *Id*. (citations and internal quotations omitted).

Here, sufficient evidence was presented that the defendant had constructive possession of the cocaine on the fan because she knowingly had the power to exercise control over the premises; Wright was merely a guest. She testified that she saw the cocaine on the fan and told him to get it out of her house. Inconsistently, however, she left the house with Mr. Wright knowing the cocaine was still on the fan. She knew that she had the power to insist that the cocaine be immediately removed from her home, but she did not so insist.

In addition, intent to distribute can be inferred from the quantity of drugs, as well as other evidence that would support the inference that the cocaine was not intended for personal use. *United States v. Smith,* 20 Fed. Appx. 258, 266 (6th Cir. 2001). Here, the evidence established that the cocaine base found on the fan weighed 7 grams and the average "rock" for personal consumption is .15 grams. The cocaine was packaged in two different baggies in different

weights and then placed together in a larger baggie. The presence of the cocaine powder on the scale also indicates the cocaine was packaged in the defendant's home. The mere presence of the scale would be evidence of an intent to distribute as there would be no reason to weigh and divide cocaine intended for personal use. Accordingly, the evidence was sufficient to support the jury's guilty verdict on count one.

Similarly, the evidence was sufficient to support the jury's guilty verdict on count two: knowingly making her house available for the purpose of storing, distributing or using crack cocaine. To meet its burden of proof, the government must establish that the defendant knew of the storing, distribution or use of cocaine in her home. *United States v. Rosa*, 50 Fed. Appx. 226, 227 (6th Cir. 2002) (citing *United States v. Tamez*, 941 F.2d 770, 774 (9th Cir. 1991)).

Here, the defendant admitted that she saw the crack cocaine and a scale on a fan in her home. She also testified that although she told Mr. Wright to remove the cocaine from her home, she left with him, just fifteen minutes later, knowing that the cocaine was still in her living room. Accordingly, the evidence supports the conviction, and it is affirmed.

## II. The District Court Did Not Err In Applying The Safety Valve.

The government argues that the district court erred in avoiding the statutory mandatory minimum sentence of 60 months and granting a two-level sentencing reduction by finding that the defendant met the requirements of the safety valve. This court has recognized that a district court's decision as to whether the safety valve is applicable is largely dependent on the district court's credibility determinations that cannot be replicated with the same accuracy on appeal. *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996). Accordingly, this Court reviews the district court's decision regarding whether a defendant is entitled to the benefits of the safety

6

valve for clear error. *United States v. Salgado*, 250 F.3d 438, 459 (6th Cir. 2001); *Adu,* 82 F.3d at 124.

The safety valve provisions, 18 U.S.C.§ 3553(f) and United States Sentencing Guideline ("U.S.S.G.") § 5C1.2(a), provide, in pertinent part, that the defendant may be sentenced without regard to the applicable mandatory minimum sentence and may receive a two-level reduction in her offense level pursuant to U.S.S.G. § 2D1.1(b)(7) if she meets a five-part test.[3] § 3553(f)(5); §5C1.2(5). The government concedes that the defendant has met the first four criteria for the safety valve, but it argues that she failed to fulfill her obligations under criteria five: prior to sentencing, she truthfully provide the government with all information and evidence she has concerning the offense.

The defendant gave a pretrial proffer in which she admitted she saw the cocaine in her home and left knowing it was still there. (JA 32-33). At the sentencing hearing, the government stated that the proffer was generally consistent with the defendant's trial testimony. (JA 387). The district court found that the defendant had truthfully told the government everything she knew, that she was not withholding any information, and that the safety valve applied. (JA 392-93).

The government argues that the defendant did not provide a truthful account of all information as to the offense because her trial testimony was not entirely consistent with her pretrial proffer. Even if, however, her pretrial proffer and her trial testimony were not consistent,

---

[3]The safety valve is applicable where: 1) the defendant does not have more than one criminal history point; 2) she did not use violence or weapons in connection with the offense; 3) the offense did not result in serious bodily injury or death to any person; 4) she was not a leader, organizer or manager in the offense; and 5) prior to sentencing, she provided the government all information she has concerning the offense. U.S.S.G. § 5C1.2(a).

the fact that she told the government all the information she knew before her sentencing is enough for her to meet the requirement for the safety valve. *Briggs v. United States*, 187 Fed. Appx. 540, 545 (6th Cir. 2006) (defendant had until sentencing, five months after conviction, to decide to give information to government and obtain benefit of safety valve), *cert. denied,* 127 S. Ct. 2250 (2007).

The government further contends that since the jury found the defendant guilty, it must have rejected the defendant's testimony as being untruthful, and this court should not override the jury's findings.[4] This argument, however, has been rejected by this court. *Briggs*, 187 Fed. Appx. at 545 (whether a defendant pleads guilty or is convicted by a jury is irrelevant to his eligibility for the safety valve); *United States v. Gennings*, 95 Fed. Appx. 795, 799 (6th Cir. 2004) (remanded because despite jury conviction, defendant entitled to present argument that he met safety valve); *United States v. Duncan*, 918 F.2d 647, 652 (6th Cir. 1990) (despite acquittal on gun charge, trial court could make other factual findings and enhance sentence upon finding defendant used gun in commission of crime). *See also United States v. Sherpa*, 110 F.3d 656, 660-662 (9th Cir. 1997) (sentencing judge may apply safety valve upon reconsidering facts rejected by a jury).

This court will reverse a district court's factual finding regarding the application of the sentencing guidelines only if after review of the entire evidence it is "left with the definite and firm conviction that a mistake has been committed." *United States v. Miller*, 179 Fed. Appx. 944, 946 (6th Cir. 1996) (quoting *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th

---

[4]The jury may not necessarily have rejected defendant's testimony because she admitted the facts upon which the jury could find her guilty of the crimes charged.

8

Cir. 1999)). The record in the case at bar does not support such a finding. The district court heard the evidence, observed the defendant during her trial testimony, observed the defendant during the sentencing colloquy and concluded that she did not know any more about the offense than what she had already told the government. (JA 392-93). The district court found that the defendant had met her obligation under the fifth criterion of the safety valve and that she was entitled to its application. This court will not second-guess the trial court's credibility determinations. There being no clear error, we affirm the district court's application of the safety valve in sentencing the defendant.

### III. The District Court Did Not Commit Clear Error In Granting The Defendant A Two-Level Reduction For Acceptance Of Responsibility.

The government argues that the district court committed error in sua sponte granting the defendant a two-level reduction for acceptance of responsibility. This court reviews a district court's decision with respect to a defendant's acceptance of responsibility for sentencing purposes under the clearly erroneous standard. *United States v. Angel*, 355 F.3d 462, 476 (6th Cir. 2004) *(*citing *United States v. Webb*, 335 F.3d 534, 537-39 (6th Cir. 2003)).

United States Sentencing Guideline § 3E1.1 permits a two-level reduction in the offense level of a defendant who "clearly demonstrates acceptance of responsibility for his offense." The government argues that because the defendant went to trial, she is not entitled to a reduction for acceptance of responsibility. Application Note 2 explains, however, that the application of § 3E1.1 is not precluded by the mere fact that the defendant exercised her constitutional right to a trial:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted,

9

and only then admits guilt and expresses remorse. **Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction**. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, cmt. n. 2 (emphasis added).

The defendant argues that in both her pretrial proffer and her trial testimony she admitted to the factual basis of her role in the offenses charged: she knew the cocaine was present in her home and she left the premises knowing the cocaine was still there. She argues that she proceeded to trial to challenge whether her admitted conduct was sufficient to establish she had the requisite intent to distribute the cocaine.

The district court granted the two-level reduction for acceptance of responsibility because it concluded that the defendant had accepted responsibility, she told the government before trial everything she knew, and it found that the only thing she could have done to demonstrate further her acceptance of responsibility was to plead guilty. The record supports this finding as there was no evidence presented at trial that the defendant had any connection to the cocaine on the fan other than the facts stated in her proffer and testimony. Having found that the defendant truthfully admitted her conduct prior to trial, the court did not commit clear error in granting the two-level reduction. U.S.S.G. § 3E1.1, cmt. n. 1 (a).

**IV.    The District Court Did Not Commit Error In Granting The Defendant A Four-Level Reduction For Having A Minimal Role In The Offense.**

The government argues that the district court erred in sua sponte granting the defendant a

four-level reduction for having a minimal role in the offenses. This court reviews the court's factual findings in applying the sentencing guidelines under a clearly erroneous standard of review. *United States v. Campbell*, 279 F.3d 392, 396 (6th Cir. 2002) Whether the district court correctly applied and interpreted the sentencing guidelines is a legal question and is reviewed de novo. *See United States v. Basey*, 28 Fed. Appx. 354, 357 (6th Cir. 2001).

Sentencing Guideline § 3B1.2 provides for a reduction in a defendant's offense level if she had a minimal or minor role in the offense. This guideline does not apply unless more than one participant was involved in the offense. U.S.S.G. § 3B1.2, cmt. n. 2.

Here, the district court found that the defendant was entitled to a four-level reduction for being a minimal participant in the offenses for which she was convicted. The district court found that Mr. Wright was more culpable for the cocaine being in the house than the defendant. To be considered a "minimal participant" the defendant must be "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, cmt. n. 4.

The government contends that even if the court did not err in finding that the defendant was a minimal participant on count one, she was not eligible for the downward adjustment on count two, maintaining a drug house, because as the only tenant and full-time occupant of the house she was the sole participant in that offense. The government argues that because there was no other participant in count two, the district court erred in granting the defendant the downward adjustment.

The Sixth Circuit has held that in determining whether a defendant is entitled to a sentence reduction for her limited role in an offense, the district court must look beyond the elements of the offense for which the defendant was convicted. *See United States v. Basey*, 28

11

Fed. Appx. 354, 357-58 (6th Cir. 2001). In *Basey*, the court stated:

> A defendant's eligibility for a reduction under [§ 3B1.2(b)] is not determined 'solely on the basis of elements and acts cited in the count of conviction.' U.S. Sentencing Guidelines Manual Ch. 3, Part. B, intro. comment. Instead, a district court applying § 3B1.2(b) must also determine whether the defendant was a minor participant in the relevant conduct attributable to that defendant. *Id.; United States v. Fouch*, No. 96-1542, 1997 WL 130081, at *2 (6th Cir. Mar. 19, 1997) ("The law is clear that a district court must consider all relevant conduct in weighing a defendant's role in the offense."). Such conduct includes 'all acts . . . that occurred during the commission of the offense of conviction [or] in preparation for that offense . . . .' U.S. Sentencing Guidelines Manual § 1B1.3 (defining relevant conduct).

*Id. See also United States v. Sanchez*, 85 Fed. Appx. 463, 467 (6th Cir. 2003) (defendant's eligibility for reduction under §3B1.2 is not limited to elements of offense, but court must look at all relevant conduct). As instructed by this court, the district court properly interpreted the scope of § 3B1.2(b) by looking beyond the elements of the particular offense of which she was convicted. In making its determination, the district court looked at the acts that occurred during the offense and in preparation for the offense. Therefore, the district court did not err in determining that the guideline was applicable to count two even though the defendant was the sole participant of the offense.

Upon determining that the guideline applied, the district court made apparent factual findings that Mr. Wright's conduct in bringing the cocaine into the house, storing it there, and selling it made him a more culpable participant in the offense than the defendant. The record supports the district court's factual finding and, therefore, the district court's conclusion that the defendant was entitled to a sentencing reduction for being a minimal participant was not clear error.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.